FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2018 APR -6  PM 3: 38
AUSTIN DIVISION

CLERK...
WESTERN... ...TEXAS

BY_____

| | | |
|---|---|---|
| **GUADALUPE PADILLA** | § | |
| | § | |
| **V.** | § | **A-17-CV-1042-SS** |
| | § | |
| **LORIE DAVIS** | § | |

## ORDER

Before the Court is Petitioner's application for writ of habeas corpus.  Petitioner challenges his convictions and sentences out of the 167th Judicial District Court for Travis County, Texas. Petitioner was convicted of aggravated sexual assault of a child and indecency with a child and sentenced to 37 years' confinement and 15 years' confinement, respectively.  The Third Court of Appeals affirmed Petitioner's conviction on June 19, 2003.  *Padilla v. State*, No. 03-02-00345-CR, 2003 WL 21401256 (Tex. App.–Austin 2003, pet. ref'd).  The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on February 11, 2004.  The state courts have repeatedly denied Petitioner habeas corpus relief.  This Court also denied Petitioner's previously filed application for writ of habeas corpus, challenging his holding convictions, on January 25, 2007. *See Padilla v. Quarterman*, No. A-06-CV-033-SS (W.D. Tex.).  Subsequently, on December 20, 2016, the Court denied Petitioner's application for writ of habeas corpus, challenging the denial of parole.  *See Padilla v. Davis*, No. A-16-CV-975-SS (W.D. Tex).

1



In his instant federal application for habeas corpus relief Petitioner asserts:

1. He was denied due process when he was denied his right to appeal the denial of his Chapter 64 request for post-conviction DNA testing, as he received notice of the December 13, 2016 denial on March 26, 2017, after his time for appeal had elapsed.

2. The State committed a *Brady* violation by suppressing the results of the SANE report at trial; and

3. New DNA testing procedures may establish that someone else sexually assaulted the complainant, rendering Petitioner actually innocent.

To the extent Petitioner challenges his holding convictions Respondent moves to dismiss Petitioner's application as successive. To the extent Petitioner challenges requests for post-conviction DNA testing Respondent argues the claim is not cognizable on habeas corpus review.

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3); *see United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction). Pursuant to § 2244(b), the Court finds Petitioner's challenge to his holding convictions is successive and Petitioner has not obtained prior approval to file a successive habeas corpus application.

To the extent Petitioner complains he was denied due process with respect to his post-conviction requests for DNA testing, he may raise such a challenge in a § 1983 action.[1] Petitioner is challenging the state's collateral review procedures themselves as in violation of due process, and

---

[1] The Court notes Petitioner currently has pending a § 1983 action raising a due process challenge regarding his post-conviction request for DNA testing. *See Padilla v. Moore*, No. A-18-CV-099-RP (W.D. Tex.).

judgment in his favor would not necessarily result in his speedier release. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011).

It is therefore **ORDERED** that Petitioner's Application for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is denied.

SIGNED this 6th day of April, 2018.

*Sam Sparks*

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

3